UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24434-CIV-MARTINEZ/SANCHEZ

FRIENDS OF BAREFOOT COLLEGE
INTERNATIONAL INC., a non-profit
corporation,

      Plaintiff,

v.

EMP-BINDI INTERNATIONAL
ASSOCIATION, an entity organized under the
laws of India,

      Defendant.

_____/

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO VACATE CLERK'S DEFAULT

This matter is before the Court on Defendant's Motion to Vacate Clerk's Default. ECF No. 18.[1] On April 7, 2025, the Clerk entered a default following Defendant's "failure to appear, answer, or otherwise plead to the complaint." ECF No. 14. Defendant now seeks to set aside that entry of default. ECF No. 18. After careful consideration of Defendant's motion, Plaintiff's response (ECF No. 23), Defendant's reply (ECF No. 27), the record, and the applicable law, and being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion to Vacate Clerk's Default, ECF No. 18, be **GRANTED.**

As an initial matter, Defendant purports to seek relief under Federal Rules of Civil Procedure 55(c) and 60(b)(4). *See* ECF No. 18 at 1. "However, only Rule 55(c) applies to vacating entries of default," as "Rule 60(b)(4) applies to vacating final default judgments." *Signorello v. Murphy*, No. 1:24-CV-22206-KMM, 2024 WL 6772835, at *5 (S.D. Fla. Dec. 16, 2024). Because

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the instant motion to the undersigned. ECF No. 28.

a final judgment has not been entered in this case, Defendant may only seek to vacate the default under Rule 55(c).  *See id.*

Rule 55(c) permits courts to set aside entry of a Clerk's default for "good cause," *see* Fed. R. Civ. P. 55(c), which the Eleventh Circuit has described as a "mutable and liberal standard." *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018); *see also, e.g.*, *Taillard v. Mercedes-Benz USA, LLC*, No. 24-62173-CIV, 2025 WL 857709, at *2 (S.D. Fla. Jan. 9, 2025) ("To obtain relief under Rule 55(c), the movant must only make a 'bare minimum showing' to support her claim for relief.") (quoting *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 WL 162754, at *2 (S.D. Fla. Jan. 16, 2008)).  Defaults, moreover, are generally viewed with disfavor due to the "strong policy of determining cases on their merits."  *Sherrard*, 724 F. App'x at 738 (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)).  In determining whether good cause exists, courts may consider, among other factors, "whether the defaulting party acted promptly to correct the default, whether the defaulting party may have a meritorious defense, and whether setting aside the entry of default would prejudice the non-movant."  *Kahalani v. Experian Info. Sols., Inc.*, No. 20-81018-CV, 2020 WL 13388259, at *1 (S.D. Fla. Nov. 13, 2020) (citing *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014)).

Here, Defendant's prompt filing of its motion to vacate the Clerk's default, within eleven days of the entry of the default, *see* ECF Nos. 14, 18, and within the period expressly set by the Court for the filing of such a motion, *see* ECF No. 16, as well as Plaintiff's non-opposition to vacating the default, *see* ECF No. 23 at 1, all weigh in favor of finding that good cause exists under Rule 55(c) to vacate the Clerk's default.  *See, e.g.*, *Sandoval v. U.S. Dep't of Educ.*, No. 8:18-CV-1133-T-36AAS, 2019 WL 13215274, at *1 (M.D. Fla. Feb. 20, 2019) ("Setting aside the Clerk's default does not prejudice the non-defaulting party because Plaintiff does not oppose this relief."); *Taillard*, 2025 WL 857709, at *2 (vacating clerk's default where defendant had "shown good

cause" and plaintiff did "not oppose such relief").

As for whether Defendant may have a meritorious defense, Defendant claims service of process did not satisfy the Hague Convention's requirements, and thus, that the Court lacks personal jurisdiction.  *See* ECF No. 18 at 4-9.  The parties argue extensively over whether that defense should prevail.  *See id.*; *see also* ECF No. 23 at 6-11.  But "with respect to a meritorious defense, '[l]ikelihood of success is not the measure.'"  *Griffin IT Media, Inc.*, 2008 WL 162754, at *3 (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). Instead, the Court need only determine whether the defense is "entirely devoid of merit."  *Lopez v. Colonial Grp. of Am. Corp.*, No. 12-22208-CIV, 2013 WL 1503260, at *2 (S.D. Fla. Apr. 12, 2013); *see also Griffin IT Media, Inc.*, 2008 WL 162754, at *3 ("[T]he movant need only provide 'a hint of a suggestion' that her case has merit.") (quoting *Moldwood Corp. v. Stutts,* 410 F.2d 351, 352 (5th Cir. 1969)).  Here, Defendant's jurisdictional defense, which raises contested factual issues and legal questions concerning the service of process in this case, is not "entirely devoid of merit," and good cause exists under Rule 55(c) for vacating the Clerk's default.[2]  *See, e.g.*, *Centcorp Invs., Ltd. v. Folgueira*, No. 13-23019-CIV, 2014 WL 12585810, at *3 (S.D. Fla. Sept. 4, 2014) (concluding that jurisdictional defense was meritorious for Rule 55(c) purposes despite contemporaneous report and recommendation that recommended denial of a motion to dismiss that asserted that defense), *report and recommendation adopted*, No. 13-23019-CIV, ECF No. 26 (S.D.

---

[2] Although the defense that Defendant was not properly served under the Hague Convention is a jurisdictional defense, jurisdictional defenses are properly considered in a Rule 55(c) analysis. *See Centcorp Invs., Ltd.*, 2014 WL 12585810, at *3 (collecting cases).  In this case, moreover, Defendant has raised additional defenses in the answer that it filed contemporaneously with its motion to vacate, including the defense that there was no valid or enforceable contract between the parties. ECF No. 21. Defendant has additionally submitted a sworn declaration setting forth facts in support of that defense.  ECF No. 20 at ¶¶ 8-14; *see also* ECF No. 18 at 11.  Thus, Defendant has also established that it has a merits-based defense to Plaintiff's breach of contract suit that is not entirely devoid of merit, and that defense further establishes that there is good cause for vacating the Clerk's entry of default.

3

Fla. Sep. 23, 2014); *Argoitia v. C & J Sons, LLC*, No. 13-62469-CIV, 2014 WL 1912011, at *2 (S.D. Fla. May 13, 2014) (good cause shown under Rule 55(c) where defendants' articulated defenses had "provided, at a minimum, a 'hint of suggestion' that their defenses have merit").

Accordingly, because there is good cause pursuant to Rule 55(c) to vacate the Clerk's entry of default, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion to Vacate Clerk's Default, ECF No. 18, be **GRANTED.**

Pursuant to Local Magistrate Rule 4(b), and given that Plaintiff does not oppose vacating the Clerk's default in this case, the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation.  Accordingly, within ten (10) days from the date of this Report and Recommendation, that is, **by February 24, 2026**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge.  Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 14th day of February 2026.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Jose E. Martinez
     Counsel of Record